IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| Korey Williams, | ) | |
|---|---|---|
| | ) | Civil Action No.: 1:18-cv-01346-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| | ) | |
| GlaxoSmithKline LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on August 24, 2018. (ECF No. 14.) Within the Report, the Magistrate Judge recommends that the court grant Defendant GlaxoSmithKline LLC's ("Defendant") Motion to Dismiss (ECF No. 4), but only pertaining to Plaintiff Korey Williams' ("Plaintiff") claim under the Americans with Disabilities Act ("ADA"). (*Id.* at 16.) The Magistrate Judge also recommends that the court decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims (ECF No. 1-1) and remand those claims to the Aiken County Court of Common Pleas. (*Id.* at 16–17.) For the reasons set forth below, the court **ACCEPTS IN PART** and **REJECTS IN PART** the Magistrate Judge's Report (ECF No. 14) and **GRANTS** Defendant's Motion to Dismiss (ECF No. 4) in its entirety.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 13.) As brief background, Plaintiff, who allegedly suffers from severe post-traumatic stress disorder ("PTSD"), worked for Defendant as a maintenance supervisor and oversaw twenty (20) engineers. (ECF No. 1-1 at 3–4 ¶¶ 1, 9, 12.) Plaintiff contends

1

that his "supervisees" were "hostile, harassing, and threatening," and he received "multiple death threats." (*Id.* at 4 ¶¶ 15, 18.) According to Plaintiff, although the harassment was "open and notorious," Defendant "failed to take meaningful action to protect and/or accommodate [him] . . . ." (*Id.* at 6 ¶¶ 27, 28.) Plaintiff submits that his working environment "aggravated" his PTSD, required him to take medical leave, and seek psychiatric treatment. (*Id.* at 6–7 ¶¶ 30–32.) After exhausting his medical leave, Plaintiff was terminated by Defendant in April 2017. (*Id.* at 7 ¶ 32.)

Plaintiff originally filed his Complaint against Defendant in the Aiken County Court of Common Pleas on April 11, 2018. (ECF No. 1-1.) Within his Complaint, Plaintiff first alleges that Defendant violated the ADA for failing to provide reasonable accommodations for his PTSD. (*Id.* at 7–8.) Additionally, under state law, Plaintiff asserts that Defendant is liable for negligent retention, negligent supervision, and intentional infliction of emotional distress. (*Id.* at 8–10.) For all of his claims, Plaintiff seeks compensatory damages, punitive damages, and attorney's fees and costs from Defendant. (*Id.*)

Defendant removed the instant matter to the United States District Court for the District of South Carolina on May 16, 2018, invoking the court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), federal question jurisdiction pursuant to 28 U.S.C § 1331, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367. (ECF No. 1 at 2–5.) Shortly after removing the action from state court to federal court, Defendant filed the instant Motion to Dismiss on May 17, 2018. (ECF No. 4.) Within its Motion to Dismiss, Defendant argues that Plaintiff failed to exhaust his administrative remedies under the ADA because Plaintiff's allegations within his Complaint "are completely unrelated to those in Plaintiff's Charge filed with the EEOC." (ECF No. 4-1 at 4–6.) In regard to Plaintiff's claims arising under state law, Defendant maintains that those claims are

subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure because they are explicitly barred by the "exclusivity provision" of the South Carolina Workers' Compensation Act ("SCWCA"). (*Id.* at 8–9.) Plaintiff responded in opposition to Defendant's Motion to Dismiss on June 28, 2018, forcefully arguing that he exhausted all of his administrative remedies and claiming that the SCWCA did not bar his claims under state law. (ECF No. 11 at 4–7.)

After extensive briefing from the parties, the Magistrate Judge filed her Report on August 21, 2018.[1] (ECF No. 13.) First, considering Plaintiff's ADA claim, the Magistrate Judge reasoned that Plaintiff failed to exhaust his administrative remedies because of the dissimilarity between his Complaint and Charge. (*Id.* at 9–15.) Specifically, the Magistrate Judge found that Plaintiff's Charge has a "laser focus on the claimed retaliatory actions of Plaintiff's supervisor on one particular day in October 2016" and does not allege any failure to accommodate on the part of Defendant. (*Id.* at 10, 12–15.) Therefore, the Report advises the court to dismiss Plaintiff's ADA claim. (*Id.* at 16.) Second, turning to Plaintiff's state law claims, the Magistrate Judge recommended that the court decline to exercise supplemental jurisdiction over those claims and remand the dispute to the Aiken County Court of Common Pleas. (*Id.* at 15–16.) In the alternative to a remand, the Report fails to address whether the court possesses diversity jurisdiction over Plaintiff's state law claims, thereby allowing the court to resolve those claims. (*See id.*)

On August 24, 2018, Defendant filed its Partial Objection to the Magistrate Judge's Report. (ECF No. 14.) While Defendant supports the Magistrate Judge's determination concerning the dismissal of Plaintiff's ADA claim, Defendant specifically objects to the Magistrate Judge's decision regarding the remand of Plaintiff's state law claims. (*Id.* at 1.) Defendant argues that the

---

[1] Upon filing her Report and Recommendation ("Report") on August 21, 2018, the Magistrate Judge advised both parties of their opportunity to file timely objections to the Report. (ECF No. 13-1.)

3

court has diversity jurisdiction over Plaintiff's state law claims and authority to decide them on the merits. (*Id.* at 2.) In the alternative to diversity jurisdiction, Defendant submits that the court should exercise its discretion in order to retain supplemental jurisdiction over Plaintiff's state law claims and dismiss them pursuant to the exclusivity provision of the SCWCA. (*Id.* at 3–6.) Essentially, Defendant requests the court to dismiss all of Plaintiff's claims. (*Id.* at 6.) On September 7, 2018, Plaintiff responded in opposition to Defendants' Partial Objection. (ECF No. 15.) Plaintiff did not object to the Magistrate Judge's recommendation regarding his ADA claim or Defendant's agreement with that aspect of the recommendation. (*See id.* at 2–4.) Instead, Plaintiff, without addressing whether the court possesses diversity jurisdiction, argues that the court should decline to exercise supplemental jurisdiction over his state law claims and remand the matter to the Aiken County Court of Common Pleas. (*See id.*) Plaintiff also contends, in the event the court has jurisdiction, that his state law claims cannot be dismissed pursuant to exclusivity provision of the SCWCA. (*Id.* at 4.) Defendant replied to Plaintiff's contentions on September 11, 2018, and noted that Plaintiff failed to disclaim diversity jurisdiction and his claims were not viable under the laws of South Carolina. (ECF No. 17 at 1–2.)

This issue has been extensively briefed by the parties and is now ready for the court's review. *See generally McCollum v. Jacoby Trucking & Delivery, LLC*, C/A No. 8:17-cv-01244-DCC, 2018 WL 827187, at *1 (D.S.C. Feb. 12, 2018); *Peter B. v. Buscemi*, C/A No. 6:10-767-TMC, 2017 WL 4457775, at *1 (D.S.C. July 28, 2017); *Henderson v. Allstate Ins. Co.*, C/A No. 7:15–2383–TMC, 2017 WL 2954951, at *1 (D.S.C. Mar. 28, 2017).

## II. SUBJECT-MATTER JURISDICTION

Subject-matter jurisdiction "involves a court's power to hear a case" and may never be "forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). A federal court has an

"independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). "[28 U.S.C. § 1332] confers subject matter jurisdiction upon federal courts over civil actions . . . ." *Athena Auto., Inc. v. DiGregorio*, 166 F.3d 288, 290 (4th Cir. 1999).

Under 28 U.S.C. § 1332(a), a federal district court possesses diversity jurisdiction when: (1) "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs"; and (2) the parties are "citizens of different [s]tates." A federal court cannot invoke diversity jurisdiction under 28 U.S.C. § 1332(a) unless there is "complete diversity among the parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). *See also Home Buyers Warranty Corp. v. Hanna*, 750 F.3d 427, 433 (4th Cir. 2014) ("And of course under § 1332 that diversity must be complete 'such that the state of citizenship of each plaintiff must be different from that of each defendant.'" (quoting *Athena Auto., Inc.*, 166 F.3d at 290)). For purposes of diversity jurisdiction, an individual's state citizenship is determined by his or her domicile, and it cannot be inferred from allegations of "mere residence." *Axel Johnson, Inc. v. Carroll Carolina Oil Co., Inc.*, 145 F.3d 660, 663 (4th Cir. 1998) (citations omitted). Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of every [s]tate and foreign state by which it has been incorporated and of the [s]tate or foreign state where it has its principal place of business . . . ." A corporation's "principal place of business" is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). The "principal place of business" is sometimes referred to as a "nerve center"

5

and "will typically be found at a corporation's headquarters." *Id.* at 81.

Plaintiff is "a citizen and resident of Columbia County, Georgia." (ECF No. 1-1 at 2 ¶ 1.) Defendant, on the other hand, is incorporated in Delaware and only conducts business within South Carolina. (ECF No. 1 at 4 ¶ 21; ECF No. 1-1 at 2 ¶ 2.) Therefore, based upon the pleadings, there is complete diversity between the parties because Plaintiff is domiciled, as a state citizen, in Georgia, while Defendant is headquartered in Delaware. (ECF No. 1 at 4 ¶ 21; ECF No. 1-1 at 2 ¶ 1.) In his Complaint, Plaintiff, who does not provide a specific monetary amount for recovery, seeks actual damages, compensatory damages, punitive damages, and attorney's fees and costs from Defendant. (ECF No. 1-1 at 8–10 ¶¶ 41, 48, 54, 55.) Specifically, Plaintiff claims damages in the form of "lost back [pay] and future wages, income and benefits, . . . and medical bills and costs." (*Id.* at 9 ¶ 47.) When removing the matter to federal court, Defendant meticulously alleged that Plaintiff's annual salary "when multiplied by the anticipated time between his termination and the trial of this matter, would exceed the jurisdictional minimum." (ECF No. 1 at 3 ¶¶ 12–14.) Coupling Plaintiff's annual salary with possible punitive damages and attorney's fees under the ADA,[2] Defendant has sufficiently shown that the amount-in-controversy will likely exceed $75,000.00, thereby satisfying the amount-in-controversy requirement under 28 U.S.C. § 1332(a). (*See id.* at 2–4 ¶¶ 6–19.) *See also Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 196 (4th Cir. 2017) ("In many removal cases, a defendant's allegations rely to some extent on reasonable estimates, inferences, and deductions."); *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 368 (4th Cir. 2013) (holding that courts may include attorney's fees in the amount-in-controversy calculation if a statute allows payment of attorney's fees); *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d

---

[2] The Americans with Disabilities Act ("ADA") permits a federal court, in its discretion, to award reasonable attorney's fees, including litigation costs and expenses, to a prevailing party. 42 U.S.C. § 12205.

192, 199–200 (4th Cir. 2008) (holding that the removing party's burden is "no greater" than that of a complaining party when he or she seeks to establish diversity jurisdiction for the basis of removal and must only provide a "short and plain statement" for jurisdiction (quoting 28 U.S.C. § 1446(a))); *Mattison v. Wal-Mart Stores, Inc.*, C/A No. 6:10–cv–01739–JMC, 2011 WL 494395, at *2 (D.S.C. Feb. 4, 2011) ("[C]ourts have continued to include claims for punitive damages when assessing whether or not the amount in controversy is satisfied for purposes of establishing diversity jurisdiction." (citing *Am. Health & Life Ins. Co. v. Heyward*, 272 F. Supp. 2d 578, 581 (D.S.C. 2003))). Interestingly, Plaintiff has not disclaimed Defendant's contentions regarding the fulfillment of the amount-in-controversy or challenged diversity jurisdiction. (*See* ECF Nos. 11, 15.) Thus, because there is complete diversity between the parties and the amount-in-controversy exceeds $75,000.00, exclusive of interest and costs, the court possesses diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).[3]

### III. STANDARD OF REVIEW

**A. <u>The Magistrate Judge's Report and Recommendation</u>**

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). In the absence of specific objections to the

---

[3] Even though Defendant invoked diversity jurisdiction (ECF No. 1), the Magistrate Judge's Report did not make any findings concerning the court's diversity jurisdiction under 28 U.S.C. § 1332(a). (*See* ECF No. 13.)

7

Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note).Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### B. **Motions to Dismiss Under FED. R. CIV. P. 12(b)(6)**

Under the Federal Rules of Civil Procedure, a party may move to dismiss a complaint when the complaint "fail[s] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "A motion to dismiss tests the sufficiency of a complaint." *Occupy Columbia v. Haley*, 738 F.3d 107, 115 (4th Cir. 2013). When ruling upon a motion to dismiss under Rule 12(b)(6), a federal court "must determine whether the complaint alleges sufficient facts 'to raise a right to relief above the speculative level' and 'to state a claim to relief that is plausible on its face.'" *Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 508 (4th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Moreover, "'all reasonable inferences' must be drawn in favor of the complainant." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011) (quoting *Nemet Chevrolet, Ltd v. Consummeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009)). However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." *Nemet Chevrolet, Ltd*, 591 F.3d at 255

(citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)). As such, a federal court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

"Although a motion pursuant to Rule 12(b)(6) invites an inquiry into the legal sufficiency of the complaint, not an analysis of potential defenses to the claims set forth therein, dismissal nevertheless is appropriate when the face of the complaint clearly reveals the existence of a meritorious affirmative defense." *Brockington v. Boykins*, 637 F.3d 503, 506 (4th Cir. 2011) (quoting *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir. 1996)). Therefore, as a matter of law, a complaint is subject to dismissal under Rule 12(b)(6) "if it appears that the plaintiff[] would not be entitled to relief under any facts which could be proved in support of their claim." *Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 395–96 (4th Cir. 2018) (quoting *Mayes v. Rapoport*, 198 F.3d 457, 460 (4th Cir. 1999)). Accordingly, if a federal court is applying state law, and state law bars a plaintiff's claim, dismissal is warranted as a matter of law under Rule 12(b)(6). *See id.* at 395–99; *Ellis v. La.-Pac. Corp*, 699 F.3d 778, 782–88 (4th Cir. 2012). *See generally Littlepaige v. United States*, 528 F. App'x 289 (4th Cir. 2013); *Sanders v. Norfolk S. Ry. Co.*, 400 F. App'x 726 (4th Cir. 2010); *ShoMe Techs., Inc. v. Nobska Gr., LLC*, 190 F. App'x 298 (4th Cir. 2006); *Iodice v. United States*, 289 F.3d 270 (4th Cir. 2002).

### IV. DISCUSSION

**A. <u>Plaintiff's Claim Under the ADA</u>**

The parties were apprised of their opportunity to file specific objections to the Report on August 21, 2018. (ECF No. 13-1 at 1.) Defendant filed its Partial Objection on August 24, 2018, and agreed with the Magistrate Judge's recommendation regarding the dismissal of Plaintiff's ADA claim. (ECF No. 14 at 1–2.) Plaintiff responded to Defendant's Partial Objection on

9

September 7, 2018, and did not object to the Magistrate Judge's recommendation regarding his ADA claim. (*See* ECF No. 15 at 2–5.) Upon a careful review of the Magistrate Judge's reasoning and analysis of Plaintiff's ADA claim, the court finds it to be thorough and extremely well-reasoned. (ECF No. 13 at 8–15.) Since neither party has specifically objected to the Magistrate Judge's recommendation concerning Plaintiff's ADA claim and the Report's ADA analysis contains no clear error, the court accepts this aspect of the Report and incorporates it herein. *See Camby*, 718 F.2d at 199; *Diamond*, 416 F.3d at 315.

## B. Plaintiff's State Law Claims[4]

The SCWCA presumes that "[e]very employer and employee" accept its provisions with respect to "pay and [] compensation for personal injury or death by accident arising out of and in the course of the employment . . . ."[5] S.C. CODE ANN. § 42-1-310 (1976). The SCWCA also states the following:

> "The rights and remedies granted by this title to an employee when he and his employer have accepted the provisions of this title, respectively, to pay and accept compensation on account of personal injury . . . , *shall exclude* all other rights and remedies of such employee . . . *at common law or otherwise*, on account of such injury, loss of service or death."

---

[4] When this matter was removed to federal court, Defendant invoked the court's diversity jurisdiction under 28 U.S.C. § 1332(a), federal question jurisdiction under 28 U.S.C § 1331, and supplemental jurisdiction under 28 U.S.C. § 1367. (ECF No. 1 at 2–5.) The Magistrate Judge's Report proceedings under the assumption that the court only possesses federal question jurisdiction over Plaintiff's ADA claim and supplemental jurisdiction over Plaintiff's state law claims. (*See* ECF No. 13.) The Report does not present any findings concerning the court's diversity jurisdiction. (*See id.*) Because the court has diversity jurisdiction over this matter, the court rejects the Magistrate Judge's Report as it relates to remanding Plaintiff's state law claims to Aiken County Court of Common Pleas (ECF No. 13 at 15–17). *See supra* Part II.

[5] Because the court sits in diversity jurisdiction, it must apply the substantive law of the state in which it sits, which is South Carolina. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). *See generally Johnson v. Hugo's Skateway*, 974 F.2d 1408, 1416 (4th Cir. 1992) ("The principles of [*Erie*] require a federal court in a diversity case to respect and enforce state-created rights in a manner such that litigation of state-based rights in federal court does not yield results materially different from those attained in the state courts. . . . Generally, then, federal courts applying state-created law are still to conduct those trials under federally established rules of procedure.").

S.C. CODE ANN. § 42-1-540 (emphasis added). This provision is formally known as the "exclusivity provision." *See Sabb v. S.C. State Univ.*, 567 S.E.2d 231, 234 (S.C. 2002) ("Because Sabb's claims, as employee of University, arose out of and in the course of her employment, the [SCWCA] provides the exclusive remedy for her." (citations omitted)); *Tatum v. Med. Univ. of S.C.*, 552 S.E.2d 18, 22 (S.C. 2001) ("[T]he exclusivity provision of the [SCWCA] precludes an employee from maintaining a tort action against her employer where the employee sustains a work-related injury." (citation omitted)); *Edens v. Bellini*, 597 S.E.2d 863, 867 (S.C. Ct. App. 2004) ("The [SCWCA] contains an 'exclusivity provision.'" (citing *Sabb*, 567 S.E.2d at 234)). The exclusivity provision forbids "tort suits against the employer and limit[s] the injured employee's rights and remedies to those provided by the [SCWCA]." *Mendenall v. Anderson Hardwood Floors, LLC*, 738 S.E.2d 251, 253–54 (S.C. 2013). Generally, the exclusivity provision should be "construed liberally in favor of coverage." *Peay v. U.S. Silica Co.*, 437 S.E.2d 64, 65 (1993) (citing *Mauldin v. Dyna-Color/Jack Rabbit*, 416 S.E.2d 639 (1992)).

To date, the South Carolina Supreme Court has explicitly held that the intentional infliction of emotional distress falls within the scope of the SCWCA's exclusivity provision. *See Loges v. Mack Trucks, Inc.*, 417 S.E.2d 538, 541 (S.C. 1992). *See generally McClain v. Pactiv Corp.*, 602 S.E.2d 87, 89 (S.C. Ct. App. 2004) ("Our supreme court has held the intentional infliction of emotional distress constitutes a personal injury that falls within the scope of the [SCWCA]." (citing *Dickert v. Metro. Life Ins. Co.*, 428 S.E.2d 700, 701 (S.C. 1993))). Further, the South Carolina Supreme Court has broadly opined that the exclusivity provision "precludes tort recovery against employers." *Glass v. Dow Chem. Co.*, 482 S.E.2d 49, 50 n.1 (S.C. 1997). Somewhat similarly, the South Carolina Court of Appeals has routinely applied the SCWCA's exclusivity provision when claimants have brought actions pursuant to negligence. *See Johnson v. Jackson*, 735 S.E.2d 664,

669–70 (S.C. Ct. App. 2012) (holding that an employer was entitled to immunity against a negligence claim pursuant to the SCWCA's exclusivity provision); *Strickland v. Galloway*, 560 S.E.2d 448, 646–49 (S.C. Ct. App. 2002) (holding that the SCWCA's exclusivity provision applied when a claimant brought suit against a co-employee for his alleged negligence). *See generally Jackson v. Eastman Chem. Co.*, C/A No. 5:17-cv-01015-JMC, 2018 WL 5266502, at *9–11 (D.S.C. Oct. 23, 2018) (holding that the SCWCA's exclusivity provision barred a claimant's negligence and negligent failure to warn claims). Nevertheless, South Carolina courts have opined that a tortfeasor acting as the "alter ego" of the employer is not within the scope of the exclusivity provision, thereby delineating an exception to the exclusivity provision.[6] *See Dickert*, 428 S.E.2d at 701 (citing *Thompson v. J.A. Jones Const. Co.*, 19 S.E.2d 226 (S.C. 1942); *Stewart v. McLellan's Stores Co.*, 9 S.E.2d 35 (1940)). As it relates to the alter ego exception, South Carolina law recognizes "dominant corporate owners and officers" as alter egos, but does not extend the definition of alter ego to "supervisory employees such as [an] office manager." *Id.* (citation omitted).

Aside from seeking relief under the ADA, Plaintiff seeks recovery based upon three theories grounded in South Carolina law: (1) negligent retention; (2) negligent supervision; and (3) intentional infliction of emotional distress. (ECF No. 1-1 at 8–10.) First, accepting all of the factual allegations as true and drawing all reasonable inferences in favor of Plaintiff, he alleges that Defendant "intentionally or recklessly inflicted severe emotional distress upon [him]." (ECF

---

[6] There are only four exceptions to the "exclusivity provision" under the South Carolina Workers' Compensation Act ("SCWCA"). *See Cason v. Duke Energy Corp.*, 560 S.E.2d 891, 893 n.2 (S.C. 2002) ("The only exceptions to the exclusivity provisions are: (1) where the injury results from the act of a subcontractor who is not the injured person's direct employer; (2) where the injury is not accidental but rather results from the intentional act of the employer or its alter ego; (3) where the tort is slander and the injury is to reputation; or (4) where the [SCWCA] specifically excludes certain occupations." (internal citations omitted)).

No. 1-1 at 9.) As a matter of law, Plaintiff's cause of action for intentional infliction of emotional distress cannot survive Defendant's Motion to Dismiss because South Carolina courts unequivocally construe such claims as within the scope of the SCWCA's exclusivity provision and, therefore, barred by the SCWCA. *See Loges*, 417 S.E.2d at 541; *McClain*, 602 S.E.2d at 89. Accordingly, as a matter of law, Defendant has a clear "meritorious affirmative defense," and Plaintiff could prove no set of facts entitling him to relief concerning his claim for intentional infliction of emotional distress. *See Elliott*, 883 F.3d at 395–96; *Brockington*, 637 F.3d at 506.

Second, turning to Plaintiff's claims for negligent retention and negligent supervision, he alleges that "Defendant had a duty to use ordinary care to protect [him] from harassing, abusive, and intimidating conduct and injury *from its employees*." (ECF No. 1-1 at 8 (emphasis added).) Plaintiff also submits that Defendant "had knowledge of the actions of *its employees* toward [him]," "breached its duty . . . by failing to take adequate measures to *supervise* [*its*] *employees*," and "further breached its duty . . . by failing to undertake appropriate investigation, remedial training, reassignment, or discharge of the *offending employees*." (*Id.* at 8–9 ¶¶ 44–46 (emphasis added).) South Carolina law recognizes negligent retention and negligent supervision as independent torts. *See Degenhart v. Knights of Columbus*, 420 S.E.2d 495, 496 (S.C. 1992) (holding that an employer may be liable for the tort of negligent supervision); *Kase v. Ebert*, 707 S.E.2d 456, 459–60 (S.C. Ct. App. 2011) (recognizing the torts of negligent retention and negligent supervision); *Doe v. ATC, Inc.*, 624 S.E.2d 447, 450 (S.C. 2005) ("South Carolina, indeed, recognizes the tort of negligent retention in the context of a negligent supervision action. We have no pause in concluding our supreme court would recognize the tort of negligent retention, independent of allegations of negligent supervision." (citations omitted)). Because negligent retention and negligent supervision are actions arising in tort, and the South Carolina Supreme

Court has stated that the SCWCA's exclusivity provision forbids "tort suits against the employer," Plaintiff's causes of action based upon these theories are likewise barred. *Mendenall*, 738 S.E.2d at 253–54; *Tatum*, 552 S.E.2d at 22. Moreover, adding to Plaintiff's precarious position, the South Carolina Supreme Court affirmed the South Carolina Court of Appeals as it related to negligent retention and negligent supervision falling within the SCWCA's exclusivity provision. *See Dickert*, 428 S.E.2d at 700–02. Accordingly, even viewing all of the facts as true and drawing all reasonable inferences in Plaintiff's favor, Defendant has a clear "meritorious affirmative defense," and, as a matter of law, Plaintiff could prove no set of facts entitling him to relief concerning his claims for negligent retention and negligent supervision. *See Elliott*, 883 F.3d at 395–96; *Brockington*, 637 F.3d at 506.

Plaintiff maintains that he has "adequately pleaded" that Defendant is "responsible for his injuries." (ECF No. 11 at 6.) Additionally, he argues that it is "impossible to determine whether the individuals responsible hold the legal status of 'officer' and there acted as an 'alter ego'" when discovery has not commenced. (*Id.*; ECF No. 15 at 4.) Plaintiff's argument is wholly without merit and is not supported by the allegations within his Complaint. The South Carolina Supreme Court has held that the alter ego exception only applies to "dominant corporate owners and officers" and not "supervisory employees." *Dickert*, 428 S.E.2d at 701. In *Dickert*, the South Carolina Supreme Court held that an officer manager, who was a claimant's supervisor, was not an alter ego of the employer. *Id.* at 700–01. Upon review of Plaintiff's Complaint, he alleges that his "supervisees" became "hostile, harassing, and threatening toward [him]" and provides specific accounts of harassment by his "supervisees." (ECF No. 1-1 at 4–5 ¶¶ 14–15, 20–23.) He further submits that Defendant "had knowledge of the actions of *its employees* toward [him]," "breached its duty . . . by failing to take adequate measures to *supervise* [*its*] *employees*," and "further breached its duty

14

. . . by failing to undertake appropriate investigation, remedial training, reassignment, or discharge of the *offending employees*." (*Id.* at 8–9 ¶¶ 44–46 (emphasis added).) Plaintiff's Complaint is conspicuously devoid of any allegation concerning "dominant corporate owners and officers" (*See id.* at 4–5 ¶¶ 14–15, 20–23.) As opposed to bringing forth allegations against "dominant corporate owners and officers," Plaintiff, instead, implicates individuals over whom he exercised supervisory authority and oversight. (*See id.*) Given that Plaintiff oversaw the employees at issue, they do not rise to the level of "dominate corporate owners and officers." *Dickert*, 428 S.E.2d at 701. Additionally, there is no indication that the employees at issue were even "supervisory employees," which is also insufficient to satisfy the alter ego exception under *Dickert*. (*See* ECF No. 1-1 at 4–5 ¶¶ 14–15, 20–23.) As such, the court rejects this post-hoc argument of Plaintiff's undersigned as an "unwarranted inference" and "unreasonable conclusion" because it is not even alleged or supported by the Complaint. *E. Shore Mkts., Inc.*, 213 F.3d at 180 (noting that a federal court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments" when evaluating a motion to dismiss).

## V. CONCLUSION

After a careful review of the Magistrate Judge's Report and Recommendation (ECF No. 13), Defendant's Partial Objection (ECF No. 14), and Plaintiff's Reply to Defendant's Partial Objection (ECF No. 15), the court **ACCEPTS IN PART** and **REJECTS IN PART** the Magistrate Judge's Report and Recommendation (ECF No. 13). More specifically, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation pertaining to Plaintiff's ADA claim (ECF No. 14 at 8–15), but, respectfully, **REJECTS** the Report and Recommendation as it relates to Plaintiff's state law claims (*id.* at 15–17). For the reasons stated herein, the court **GRANTS** Defendant's Motion to Dismiss (ECF No. 4) in its entirety.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

January 16, 2019
Columbia, South Carolina